Totten, J.,
delivered the opinion of the court.
Replevin. The defendant, as sheriff of Cannon county, held executions in favor of one L. A. Kincannon, against the plaintiff, and levied the same on a filly, the property in question. The plaintiff, by the present suit, caused the property to be replevied, and at the trial, offered to *180 prove in. support of his action, that the judgment on ■which said executions were founded, had been paid and satisfied before the same were issued. The evidence was rejected.
There was judgment for the defendant, and plaintiff appealed in error to this court.
The evidence was properly rejected. When an execution, issued by a court having jurisdiction of the subject, is regular and valid upon its face, the simple duty of the officer is, that he execute the writ, as by it he is commanded. He is not bound to enquire after the judgment, or whether the same has been satisfied; nor is he permitted to do so, for his office in this respect, is merely ministerial. Ethridge vs. Edwards, 1 Swan’s R., 426.
. This is a settled doctrine, and by it the officer is protected in the execution of his office, and may also be enforced to perform it.
Now, in the present case, the executions, which appear to be regular and valid, afford a complete protection to the officer, and entitle him to the judgment of the court, that the property levied upon by him be restored to his possession, and be subject to said executions.
If, indeed, the judgments have been paid, the remedy of the debtor is by petition for a supersedeas, by which the execution will be legally suspended, until further action of the court.
The issue of payment must be with the creditor, and not with the officer, who looks only to the process in his hands.
Judgment affirmed.